IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
OCT 13 2010 NF
Oct 13 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KELLY CARTWRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL COONEY, )<br>)<br>Defendant, )<br>) | Case No. 10 CV 01691<br>Judge Robert Dow<br>Magistrate Judge Schenkier |

**Defendant's Motion To Dismiss Plaintiff's Complaint Under Fed. R. Civ. P.11, 12 and 735 ILCS 5/13-201, Local Rule 5.2, 5.5**

Defendant, Daniel Cooney, respectfully moves this court pursuant to Federal Rule of Civil Procedure 12 (b) (2), 12 (b) (4), 12 (b) (6), and 11 (b) (c) as well as Illinois statute of limitation governing defamation claims 735 ILCS 5/13-201. The following will show that the Plaintiff in her complaint fails to meet the obligations under these rules. And the Plaintiff in filing the Complaint has not only failed to meet procedural standards, but has filed the complaint in a vexatious groundless manner in violation of her obligations to this Court under FRCP 11, and under Illinois Rule of Professional Conduct 1.9, violating obligations owed to Mr. Jean Denis Courtin, her former client. It is because of these circumstances the Complaint should be dismissed with prejudice.

### **Background**

The Plaintiff represented a Mr. Jean Denis Courtin in a case filed in this court docket no. 08 CV 1402 involving a business dispute between he and my wife, I was involved in the dispute as a creditor to the business in dispute, Top Shelf Imports LLC. (See Complaint, ¶5). ¶

During this litigation I and my wife were represented by counsel. From February to June 2009 my wife and I were unrepresented. (See Complaint, ¶8). During our own representation my wife and I discovered Plaintiff had taken actions including signing documents on behalf of Top Shelf, and others that affected the case, we were advised to file a complaint with the Illinois Attorney Registration & Disciplinary Commission (ARDC), attached to the Complaint is an incomplete copy of what we filed, the documents we sent supporting the complaint are not included. (See Complaint, ¶27, and attachment to complaint Document 1-5). Subsequent to filing this complaint, my wife and I retained counsel, Massachusetts attorney Christine A. Anderson. Attorney Anderson filed a *pro hace vice* motion to appear on our behalf. Attorney Anderson successfully opposed Mr. Courtin's Motion for Summary Judgment filed by the Plaintiff which included a defamation claim on her client's behalf. See Complaint, ¶13). On or about September 29, 2009, after several weeks of discussions Mr. Courtin, my wife and I signed a settlement agreement releasing each other and our agents, attorneys of all claims arising from the litigation. A provision in the agreement we all agreed no more publishing of the alleged defamatory comments would be made and to date parties have complied with this agreement. Plaintiff's filing is in direct conflict with her Mr. Courtin's interests. Further the complaint fails to state a claim and meet procedural requirements necessary for filing this matter in this court.

In addition to the above serious conflict, the following raises additional reasons for dismissal by addressing the complaint's sequential paragraphs.

### Subject Matter Jurisdiction (FRCP 12 (b) (1))

1.  Defendant's complaint paragraph no. 3 contains a conclusory statement that this court has "diversity jurisdiction" (*sic.*) over this matter. Plaintiff has failed to show that this court has subject

matter jurisdiction, as diversity of parties is one required component of subject matter jurisdiction. See Complaint, ¶ 3.

2. Because Defendant fails to allege sufficient facts of the court's subject matter jurisdiction over the Defendant this matter should be dismissed.

## Personal Jurisdiction (FRCP 12 (b) (1))

3. Plaintiff fails to show that this court has personal jurisdiction over the Defendant.[1] Plaintiff admits in her complaint that the Defendant is a resident of Plymouth County, Massachusetts. See Complaint, ¶ 2.

4. Plaintiff fails to show that the Defendant has any ties to the state of Illinois, and has had the required minimal contacts in order for the court to assert personal jurisdiction in this matter.[2] Further Plaintiff fails to allege that Defendant has ever had sufficient contacts with this forum to satisfy the court's exercise of personal jurisdiction. See Complaint, ¶¶1-42.

5. Because Defendant fails to allege sufficient facts of the court's personal jurisdiction over the Defendant this matter should be dismissed.

## Insufficiency of Process & Insufficiency of Service of Process
## (FRCP 12 (b) (4) & FRCP 12 (b) (5); Local Rule 5.2 (d))

6. Plaintiff failed to serve and file Exhibit A referred to in the complaint as an attached Exhibit. See Complaint, ¶¶11, 16. As a result plaintiff failed to comply with FRCP 4 (c) (1) in time required as a result the court should dismiss this matter.

7. Plaintiff's complaint referred to several attached exhibits. Plaintiff failed to comply with this court's local rule 5.2 (d), requiring the marking of exhibits, and serving a list of exhibits

---

[1] Plaintiff bears the burden of proving facts sufficient to establish personal jurisdiction. *Third National Bank in Nashville v. WEDGE Group*, 882 F.2d 1087, 1089 (6th Cir. 1989)
[2] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

when more than one exhibit is filed. Because the Plaintiff failed to follow procedure as required under this rule, as a result the Court should strike the document under local rule 5.2 (e).

8. Plaintiff failed to follow procedure and serve a certificate of service as required by local rule 5.5.

9. Because the Plaintiff failed to follow basic procedure of the Court should strike the document, or dismiss the complaint, under local rule 5.2 (e); and under rules mentioned above.

### Illinois Statute of Limitation Governing Defamation 735 ILCS 5/13-201

10. Plaintiff alleges in her complaint that the Defendant is allegedly responsible for alleged defamatory statements, allegedly defaming her and her client Mr. Jean Denis Courtin. Statements were allegedly published in January and February 2009. See Complaint, ¶¶10, 11. Plaintiff filed this complaint alleging these defamatory comments on March 16, 2010. See Complaint document heading.

11. Illinois statute of limitation 735 ILCS 5/13-201provides that Actions for slander or libel must be commenced <u>within one year</u> after the cause of action accrued. In defamation cases, the cause of action accrues and the statute of limitations begins to run on the date of publication of the defamatory material to a third person.[3] Plaintiff admits in her complaint she was aware of the publication when it was allegedly published in "February 26, 2009," and mistakenly or intentionally stated "March 17, 2009" (See Complaint, ¶¶ 11, 16). Because she was the attorney for Mr. Courtin (See Complaint, ¶11) and she amended and his complaint to include an action for defamation. See Complaint, ¶13.

---

[3] *Tom Olesker's Exciting World of Fashion, Inc. v Dun & Bradstreet, Inc.*, 61 Ill 2d 129,; 334 NE2d 160 (1975)

12. Plaintiff misrepresents to this court that the alleged defamatory comments were made on March 17, 2009. According to the exhibit she filed with the court in 2009, Document 80-4, the alleged defamatory statement was made on March 16, 2009. Defendant's current complaint was not filed within a year of the alleged publications of February and March 2009, as required under the statute. As a result the averments made concerning this alleged publications should be stricken.

## Plaintiff's Allegations of Defamation
## Failure to state a Claim under FRCP 12 (b) (6)

13. In her complaint Plaintiff has failed to state a cause of action. To establish the required elements of a defamation claim, a plaintiff must present facts showing that the defendant made a defamatory statement about the plaintiff, and the defendant made an unprivileged publication of that statement to a third party, and the publication caused damages.[4]

14. In her complaint, Plaintiff alleges that the Defendant made defamatory comments about her client. (See Complaint, ¶11-12). Plaintiff's other allegations concern a memorandum Defendant and his wife drafted and submitted to the court during litigation in response to a judge's request in for a status memorandum for settlement conference. (See Complaint attachment unmarked but titled "Settlement Status" addressed to Judge Elaine Bucklo).

15. In paragraph 27 of the complaint, plaintiff also alleges that a complaint Defendant made to the Illinois Attorney Registration & Disciplinary Commission (ARDC) was done fraudulently. An incomplete copy is attached to the complaint as Exhibit E. As the document shows the Defendant filed this complaint in good faith and qualified his statements by stating Defendant

---

[4] *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558. 579, 852 N.E.2d 825, 304 Ill. Dec. 369 (2006).

alleges a complaint and provided supporting documents which are not included with the copy that Plaintiff filed. This complaint to the ARDC is protected under qualified privilege. Therefore the Plaintiff cannot hold this against the Defendant in an action for defamation.[5]

### Plaintiff's Allegations of Tortious Interference with Contractual Relations
### Failure to state a Claim under FRCP 12 (b) (6)

16. Plaintiff's averments in her complaint Count II ¶36 are incredulous as well as conclusory and fail to state a claim upon which relief can be granted. Therefore this claim should be dismissed.

### Plaintiff's Allegations of Intentional Infliction of Emotional Distress
### Failure to state a Claim under FRCP 11 (b) (6)

17. Plaintiff Plaintiff's averments in her complaint Count II ¶36 are incredulous as well as conclusory and fail to state a claim upon which relief can be granted. Therefore this claim should be dismissed.

### Motion for Sanctions under FRCP 11(b) (c) and

18. Plaintiff has filed her complaint to harass the Defendant, the arguments provided are frivolous and ungrounded and the evidentiary support Plaintiff contends is supportive and has attached to her complaint does not support her allegations. Because of Plaintiff has violated her obligations under FRCP 11, Defendant asks the court to impose sanctions for her blatant, maligned conduct.

---

[5] *Kuwik v. Starmark Star Marketing and Administration, Inc.*, 156 Ill. 2d 16, 24, 619 N.E.2d 129, 132 (1993).

### Plaintiff violation Illinois Rule of Professional Conduct 1.9

19.  Additionally, the Plaintiff should be sanctioned as she has violated Illinois Rule of Professional Conduct 1.9, duty to former client. Plaintiff represented her former client Mr. Jean Denis Courtin through settlement of the matter she refers to in her complaint. See complaint, ¶5. In this same matter, Defendant hired counsel in the beginning of June 2009, through counsel Defendant successfully opposed Plaintiff's filing, on behalf of her client Mr. Courtin, Motion for Summary Judgment. After the denial of the Motion for Summary Judgment, from the end of August through end of September 2009, Plaintiff and Defendant's counsel were engaged in settlement discussions. After six weeks of negotiating a settlement was signed on about September 29, 2009. As part of this settlement, both parties agreed to release each other and each other's agents from any claims in the litigations, further parties agreed to not further disclose any of the alleged defamatory comments. Plaintiff by bringing this claim is in direct conflict with the interests, rights and obligations of her former client, Mr. Courtin. She has again published statements that both parties agreed were to not be made public. Plaintiff admits in her complaint the statements were made under her client's prior litigation. (See complaint ¶ 13). Nevertheless, for her own interest, in violation of the settlement agreement and her duty to her former client under professional conduct rule 1.9 as an attorney in the state of Illinois, she is now putting her interests over her former client's. For these reasons, and others previously mentioned Plaintiff should be sanctioned for her conduct.

For all these reasons stated above, the Defendant respectfully requests that the Court Dismiss the Plaintiff's Complaint and impose appropriate sanctions.

Respectfully Submitted,

Date: October 11, 2010

_____
Defendant Dan Cooney (Pro-Se)
59 Main Street
Lakeville, MA 02347
Tel. 508 947-9973
Fax: 508 947-9951

### Affidavit of Service

The undersigned hereby certifies that a true copy of the Defendant's Motion to Dismiss and for Sanctions was this day served upon Plaintiff by faxing to fax number 1-773-754-8420, a copy of fax confirmation is attached, and by mailing same, first class postage prepaid, to Plaintiff Kelly Cartwright, Esq., of KC Consulting LLC at 2205 West Giddings, Chicago, IL 60625.

SIGNED under the pains and penalties of perjury.

Dated: October 11, 2010

_____
Dan Cooney

### COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

On this 11th day of October, 2010, Dan Cooney, appeared before me and proved to me through satisfactory evidence of photo identification to be the person who signed the preceding document in my presence, and who affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

My Commission Expires: 8-16-2013     _____
                                      Notary Public