# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KELLY CARTWRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1691 |
| DAN COONEY, | ) Judge Robert M. Dow, Jr. |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Daniel Cooney's motion for summary judgment [98] on Plaintiff Kelly Cartwright's claims for defamation (Count I) and intentional infliction of emotional distress (Count III).[1] For the reasons set forth below, the Court grants Defendant's motion for summary judgment [98].

## I. Background

### A. Statements of Material Fact

Local Rule 56.1 requires that statements of fact contain allegations of material fact and that the factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. at 583-85 (N.D. Ill. 2000). In this matter, Defendant filed a Local Rule 56.1(a) Statement of Material Facts. All of Plaintiff's denials were made without citation to specific evidentiary materials justifying the denial—in other words, Plaintiff objected to a statement of fact, but did so without citing to any evidence to refute the fact or without attaching any documents to support the denial. Such denials are improper and insufficient to rebut a movant's factual allegations. See *Madonia v. BP Prods. N. Am.*, 2012 WL 13519, at *1 (N.D.

---

[1] The Court previously dismissed Count II; therefore, the only claims remaining are Counts I and III.

Ill. Jan. 4, 2012) ("Such "objections," as Plaintiff styles them, with no evidentiary support are not sufficient to defeat summary judgment; rather, a nonmovant must support each denial with specific citations to the record or to supporting materials or affidavits that support their denial."); see also *McGuire v. UPS,* 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraphs with citations to supporting evidence in the record constitutes an admission.") (internal citations omitted).

Furthermore, Plaintiff did not file a Statement of Additional Undisputed Facts, choosing instead to rely on allegations in her complaint and facts set forth in her response brief. This is problematic in multiple respects. First, an unverified complaint is not "proper evidentiary support." *Cf. Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996) (reversing summary judgment for defendant where plaintiff had relied on a verified complaint as evidentiary support; a verified complaint "converted the complaint * * * into an affidavit"). Second, citing exhibits (without any page reference) in her response brief, without having submitted a statement of additional facts, is not helpful to the court (see *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 818 (7th Cir. 2004)), and is a practice that the Seventh Circuit repeatedly has criticized. Indeed, merely including facts in a responsive memorandum is insufficient to put the issue before the Court. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 594 (N.D. Ill. 2000). As the Seventh Circuit has stressed, facts are to be set forth in Rule 56.1 statements, and it is not the role of the Court to parse the parties' exhibits to construct the facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 2010 WL 4942161, at *7 (N.D. Ill. Dec. 8, 2010) (citing *DiLeonardi,* 181 F.3d 865, 867 (7th Cir. 1999)). It simply is not the court's job to sift

through the record to find evidence to support a party's claim. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job * * * to make it easy for the court to rule in his client's favor * * *." *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006).

Adherence to Local Rule 56.1 gives the opposing party the opportunity to either admit or deny the statement of fact, and to provide record support for either assertion. By not following the rule, a party injects facts into the case that have not been subject to the opposing side's scrutiny, nor presented to the court for its review. The Seventh Circuit repeatedly has held that a district court is within its discretion to strictly enforce compliance with its local rules regarding summary judgment motions and the Court will do so here. See *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). Plaintiff, a lawyer herself, as well as her counsel, undoubtedly have substantial familiarity not only with the facts and circumstances of this case, but also with the local rules, which weighs strongly against excusing Plaintiff's non-compliance with the local rules. Because Plaintiff failed to file her own Statement of Additional Undisputed Facts, the Court admits the relevant facts from Defendant's Local Rule 56.1 Statement of Undisputed Material Facts. See *Brasic v. Heinemann's Bakeries, Inc., Inc.,* 121 F.3d 281, 284 (7th Cir. 1997); see also *Jupiter Aluminum Corp. v. Home Insurance Company,* 225 F.3d 868, 870-71 (7th Cir. 2000).

### B. Facts

A business dispute about vodka between a French restauranteur named Jean-Denis Courtin and a spirits specialist named Christine Cooney arose in 2008, and Mr. Courtin filed a lawsuit against Christine Cooney and her husband, Daniel Cooney ("Defendant") ("the Courtin-

Cooney litigation"). From August 2008, when the case was filed, until September 2009, when it settled, attorney Kelly Cartwright ("Plaintiff") represented Mr. Courtin and Top Shelf Imports. Defendant and his wife were represented by various attorneys from August 2008 to March 2009, after which they litigated the case *pro se*. District Judge Elaine Bucklo presided over the Courtin-Cooney litigation.

On January 22, 2009, the *Chicago Reader* ("the *Reader*") published an article entitled "Seeds of Change" ("the article") about the genesis of Jean-Denis Courtin's vodka business venture. The article appeared on the *Reader*'s website, and a space in which readers could write and publish comments was provided directly below the article. On February 16, 2009, Defendant published a comment on the article on the *Reader*'s website. On March 10, 2009, Plaintiff published a comment that responded to Defendant's February 16 comment. Plaintiff wrote that she represented Courtin, disputed the allegations in Defendant's comment, and accused Defendant of acting "with malicious intent to cause harm to Mr. Courtin's reputation and business ventures in a desperate attempt to persuade Mr. Courtin to drop his lawsuit against Cooney." Plaintiff's comment also stated that "Mr. Courtin has amended his federal lawsuit to address this most recent tortious conduct advanced by [Defendant]" by adding a defamation claim to Courtin-Cooney litigation. On March 16, 2009, Defendant published a responsive comment.[2]

---

[2] Because the allegations in Plaintiff's complaint are unverified and because Plaintiff failed to file a statement of additional facts, the substance of Cooney's comments are not properly before this Court. Once again, Plaintiff, as an attorney herself and also being represented by counsel, is charged with knowing and complying with the local rules. "Summary judgment is the 'put up or shut up' moment in a lawsuit." *Siegel v. Shell Oil Co.,* 612 F.3d 932, 937 (7th Cir. 2010) (quoting *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003)). "Once a party has made a properly supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)).

On April 30, 2009, during the course of the Courtin litigation, Defendant submitted to Judge Bucklo a settlement memorandum. On May 26, 2009, Defendant filed a complaint against Cartwright with the Illinois Attorney Registration and Disciplinary Committee ("ARDC") relating to Cartwright's professional conduct as an attorney in the Courtin Litigation.

The Courtin-Cooney litigation ultimately settled. Plaintiff filed the operative complaint in this case on March 16, 2010. Plaintiff asserted claims of defamation *per se* (Count I); tortious interference with contractual relations (Count II); and intentional infliction of emotional distress (Count III). The Court previously dismissed Count II for failure to state a claim. Cartwright has not offered any evidence of mental health treatment or documents in support of her claim for emotional pain and suffering.

## II.    Summary Judgment Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

## III. Analysis

Cartwright claims that Cooney's statements (i) in the *Reader*, (ii) to the ARDC, and (iii) to Judge Bucklo in the settlement memorandum defamed her and caused her intentional infliction of emotional distress. Cooney maintains that his statements to Judge Bucklo and the ARDC are protected by an absolute privilege and that the Reader statements are not actionable as defamation.

### A. Absolute Privilege

It is clear from Plaintiff's complaint and her filings in this case that her claims for defamation and intentional infliction of emotional distress are based primarily on Defendant's allegedly defamatory statements posted on the *Chicago Reader* website. See Plaintiff's Resp. to Mot. Judg. Pleadings [61, at 4] ("Finally, the defamatory statements that are the subject matter of Count I of the Complaint are the statements published in the Chicago Reader by Defendant in March 2009, and not the communications that are the subject of Defendant's Motion"); Plaintiff's Resp. to S.J. [103, at 4] ("Both counts * * * are predicated on the Reader Statements, which Defendant does not even suggest are privileged, and hence his prayer for relief must be denied."). However, Plaintiff continues to rely on Defendant's ARDC statements and statements

6

to Judge Bucklo to bolster her claims, even in the face of well-settled law in Illinois that "anything said or written in the course of a legal proceeding is protected by an absolute privilege." *Zanders v. Jones,* 680 F. Supp. 1236, 1238 (N.D. Ill. 1988); see also *Lykowski v. Bergman*, 700 N.E.2d 1064, 1070-71 (Ill. App. Ct. 1998) (non-lawyer's statements made to Illinois ARDC about attorney were absolutely privileged); *Libco Corp. v. Adams,* 426 N.E.2d 1130, 1131-32 (Ill. App. Ct. 1st Dist. 1981). "The requirement that statements made in a judicial proceeding be pertinent or relevant is not strictly applied. Indeed, the privilege attaches even where the defamatory statement is not confined to specific issues related to the litigation and all doubts should be resolved in favor of a finding of pertinency." *Medow v. Flavin,* 782 N.E.2d 733, 744 (Ill. App. Ct. 1st Dist. 2002).

Here, based on the facts presented at summary judgment, Cooney's comments to Judge Bucklo and the ARDC clearly were made during the course of a legal proceeding and obviously were related to that proceeding. See also *Zanders,* 680 F. Supp. at 1238; *Malevitis v. Friedman*, 753 N.E.2d 404, 407 (Ill. App. Ct. 2001) (statements disparaging opposing party made in petitions filed in the Illinois Appellate Court were related to legal proceeds and were protected from any cause of action by an absolute privilege); *Edelman, Combs and Latturner v. Hinshaw & Culbertson*, 788 N.E.2d 740, 749 (Ill. App. Ct. 2003) (letters written to court are absolutely protected from claims of defamation); *Jones v. Harrison*, 2004 WL 1199568, at *2 (N.D. Ill. May 28, 2004); *Muck v. Van Bibber*, 621 N.E.2d 1043, 1045-46 (Ill. App. Ct. 1993) (letters to judges by citizen groups, describing plaintiff judicial candidates as engaging in unethical activities, were absolutely privileged); *Cummins v. Heaney*, 2005 WL 2171066, at *2-3 (N.D. Ill. Aug. 31, 2005). Because Cooney's statements to Judge Bucklo and to the ARDC are absolutely privileged, they cannot support Cartwright's claims for defamation or intentional

infliction of emotional distress. Those statements will no longer be considered as part of this litigation.

B. **Defamation**

The elements of a defamation claim are: (1) the defendant made a false statement concerning plaintiff; (2) the defendant published the defamatory statement to a third party; and (3) the plaintiff was damaged. *Wynne v. Loyola Univ. of Chicago*, 741 N.E.2d 669, 675 (Ill. App. Ct. 1st Dist. 2000). A statement is defamatory *per se* if it involves words that impute the commission of a criminal offense, words that impute infection with a loathsome communicable disease, words that impute an inability to perform or want of integrity in the discharge of duties of office of employment, or words that prejudice a party, or impute a lack of ability, in his or her trade, profession or business. *Bryson v. News Am. Publications, Inc.*, 672 N.E.2d 1207, 1214-15 (Ill. 1996). A plaintiff need not plead actual damage to her reputation if she asserts a claim of defamation *per se*. *Id.* at 1214.

Plaintiff has failed to submit evidence at summary judgment demonstrating that Defendant made a false statement concerning her. In fact, Plaintiff has not come forward with any admissible evidence in support of her claim for defamation. Unlike ruling on a motion to dismiss, the Court does not accept all of Plaintiff's allegations as true at summary judgment. Instead, the Court looks at the admissible facts, and the only admissible facts are that both Cooney and Cartwright made certain comments on the *Reader* blog on certain dates. As previously set forth, "[s]ummary judgment is the 'put up or shut up' moment in a lawsuit." *Siegel v. Shell Oil Co.,* 612 F.3d 932, 937 (7th Cir. 2010) (quoting *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir.2003)). Defendant properly moved for summary judgment, and

8

Plaintiff simply rested upon her pleadings instead of submitting evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." *Id*. Thus, Plaintiff has failed "to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *Benuzzi*. 647 F.3d at 662 (quoting *Celotex Corp.,* 477 U.S. at 322). Therefore, summary judgment must be granted in favor of Defendant on Plaintiff's defamation claim.

### C. Intentional Infliction of Emotional Distress

The three elements of intentional infliction of emotional distress are: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended his conduct to inflict severe emotional distress or knew that there was a high probability that it would do so; and (3) the defendant's conduct did in fact cause severe emotional distress. *Rekosh v. Parks*, 735 N.E.2d 765, 772 (Ill. App. Ct. 2d Dist. 2000).

As with her defamation claim, Plaintiff has failed to submit evidence at summary judgment demonstrating that Defendant's conduct was extreme and outrageous or that Defendant's conduct did in fact cause severe emotional distress. In fact, Plaintiff has not come forward with any admissible evidence in support of her claim for intentional infliction of emotional distress. Because "[s]ummary judgment is the 'put up or shut up' moment in a lawsuit" (*Siegel,* 612 F.3d at 937 (quoting *Johnson,* 325 F.3d at 901) and Plaintiff has wholly failed to "put up," Plaintiff has failed "to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *Benuzzi*. 647 F.3d at 662 (quoting *Celotex Corp.,* 477 U.S. at 322). Therefore, summary judgment must be granted in favor of Defendant on Plaintiff's intentional infliction of emotional distress claim.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion for summary judgment [98] as to Counts I and III of Plaintiff's complaint. Because the Court previously dismissed Count II of Plaintiff's complaint, all claims have now been resolved in favor of Defendant and judgment will be entered in favor of Defendant Daniel Cooney and against Plaintiff Kelly Cartwright.

Dated: March 6, 2013

Robert M. Dow, Jr.
United States District Judge