# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1691 | **DATE** | 5/29/2013 |
| **CASE TITLE** | Cartwright vs. Cooney | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies both Plaintiff's motion to reconsider [111] and Plaintiff's motion for oral argument on the motion to reconsider [123]. Notice of motion date of 5/30/2013 is stricken and no appearances are necessary on that date.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On March 6, 2013, the Court granted Defendant Daniel Cooney's motion for summary judgment. In addition to finding that Plaintiff Kelly Cartwright's defamation claim (which was actually composed of several, separate defamation claims) was, in part, barred by an absolute privilege protecting Cooney's statements to Judge Bucklo and to the ARDC, the Court entered summary judgment for Cooney with respect to Cartwright's defamation and IIED claims based upon statements that Cooney made to the *Chicago Reader*. The reason for the Court's ruling was that, in response to Cooney's summary judgment motion and Local Rule 56.1 Statement of Material Facts and supporting exhibits, Cartwright failed to file a Rule 56.1(b) statement of additional facts and instead merely relied upon the allegations of her complaint and Defendant's fact statements (which did not set forth the substance of the *Reader* statements). In granting summary judgment to Defendant, the Court noted several shortcomings with Plaintiff's summary judgment strategy, pointing out that an unverified complaint is "not proper evidentiary support" (3/6/13 Opinion at 2 (citing *Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996)) and, further, that merely including facts in a responsive memorandum is insufficient to place an issue before the court to defeat summary judgment. *Id.* (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995)).

Plaintiff has not sought reconsideration of the Court's ruling that Defendant's statements to Judge Bucklo and the ARDC were protected by an absolute privilege, so nothing more needs to be said about that portion of the Court's ruling. With respect to the *Reader* statements, at summary judgment Defendant maintained that the *Reader* statements were not actionable as defamation. In her motion to reconsider, Plaintiff argues (i) that the *Reader* statements were before the Court and (ii) that summary judgment was improperly granted because Defendant did not dispute making the *Reader* statements and thus a question of fact remains as to whether those statements were defamatory.

As to her first argument, Plaintiff is mistaken about the local rules governing summary judgment and what may

be considered at summary judgment. Local Rule 56.1(a) states that the facts relied upon to support summary judgment must be set forth in a numbered paragraph. The paragraph may not simply point the opposing party and the court to materials that set forth the fact. Similarly, Local Rule 56.1(b) states that a party opposing summary judgment also must set forth the "additional fact" in a numbered paragraph and support that fact with reference to "affidavits, parts of the record, and other supporting materials relied upon." Additionally, as the Court pointed out in ruling on the summary judgment motion, facts are to be set forth in Rule 56.1 statements, and it is not the role of the Court to parse the parties' exhibits to construct the facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). It simply is not the court's job to sift through the record to find evidence to support a party's claim. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job * * * to make it easy for the court to rule in his client's favor * * *." *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006).

With these standards in mind, the only pertinent facts before the Court at summary judgment with respect to the *Reader* statements were that Cooney and Cartwright made comments on the *Reader* blog on certain dates. The existence of those statements, but not the substances of those statements, was put into the record by Defendant. See Def.'s SOF ¶¶ 9-11. In Defendant's statement of facts, he also set forth the substance of some of the statements that Plaintiff made on the blog (see Def.'s SOF ¶ 10), but he did not set forth the substance of any of his comments (nor was he required to do so); instead, Defendant merely stated that he posted "a reply to Cartwright's statement on the Blog on March 16, 2009." *Id.* at ¶ 11. Defendant then argued in his memorandum in support of summary judgment that Plaintiff could not meet her burden of demonstrating that Defendant made false statements about her. To the extent that Defendant made any arguments regarding the substance of his statements, the Court did not consider those, as Defendant failed to properly set them forth in his statement of facts.

In response, Plaintiff adopted the majority of Defendant's statements of fact and failed to file a statement of additional facts. Instead, she placed the burden on the Court to look through the record to find the allegedly defamatory statements. Plaintiff now contends that she did not have to negate any facts because Cooney advanced "legal defenses" to the *Reader* statements. Plaintiff's argument is that she "only filed a response to [Defendant's summary judgment motion] and not a cross-motion and therefore did not take up the burden of proving that she was entitled to judgment as a matter of law." As set forth explicitly in a recent Seventh Circuit decision, Cartwright misapprehends the nature of summary judgment and the parties' respective burdens at that juncture:

> A party that does not bear the burden of persuasion may move for summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If, after an adequate opportunity for discovery, "the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (emphasis in original) (citations omitted). This is not an onerous burden, yet "[d]espite the rudimentary nature of their task, parties served with summary judgment motions often misconceive what is required of them." *Id.* at 921. As this case aptly demonstrates, such misunderstandings can have harsh consequences for litigants.

*Modrowski v. Pigatto*, 712 F.3d 1166, at *1 (7th Cir. Apr. 8, 2013). The court of appeals further held that Rule 56 "does not require the moving party" – here, Defendant Cooney–"to 'support its motion with affidavits or other similar materials *negating* the opponent's claim.'" *Id.* at *2 (citing *Celotex*, 477 U.S. at 323 (emphasis in original)). Rather, the movant's initial burden "may be discharged by 'showing' – that is, point out to the district

court – that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. At that point, the nonmovant – here, Plaintiff Cartwright – must then "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. As both the Seventh Circuit and the Supreme Court have held, the nonmovant must "go beyond the pleadings" (*id.* at 324) to demonstrate that there is evidence "upon which a jury could proceed to find a verdict" in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Modrowski*, 712 F.3d at *2. Here, Defendant claimed that he did not defame Plaintiff, or, in other words, that any statements he made were not defamatory and that Plaintiff's evidence fell short of proving that Defendant did defame her. Defendant was not required to present any evidence to show that he did not defame Plaintiff; having the burden of persuasion, he only had to point out the absence of evidence in support of Plaintiff's theory. At that point, Plaintiff was obliged to respond with actual evidence demonstrating that Defendant did make a false statement about her. As the Seventh Circuit clearly reaffirmed in *Modrowski*, this was Plaintiff's burden, not Defendant's, yet Plaintiff failed to present the allegedly defamatory statements to the Court.

Even more frustrating for the Court, Plaintiff's obligation was not entirely lost on her. Plaintiff's response brief in fact contained a paragraph setting forth (in bold and italics) the allegedly defamatory statements, albeit without a corresponding citation or exhibit pointing the Court to actual evidence. But, as noted in the summary judgment ruling, merely including facts in a responsive memorandum is insufficient to put the issue before the Court and is a practice that the Seventh Circuit and district courts in this circuit repeatedly have criticized. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 594 (N.D. Ill. 2000); see also *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 818 (7th Cir. 2004).

In *Modrowski v. Pigatto*, the Seventh Circuit pointed out that district courts can "exercise their discretion in a more lenient direction * * *." 712 F.3d 1166, at *3 (7th Cir. Apr. 8, 2013). Parties also may request that district courts relax or waive strict compliance with the rules, including Local Rule 56.1. This Court occasionally has relaxed the rules (often by agreement of the parties) and otherwise exercised its discretion for the benefit of *pro se* litigants or represented parties, who despite due diligence, are unable to comply with time restraints or other aspects of the local rules. In fact, in the present case, the Court has (i) granted Plaintiff numerous extensions of time (see docket entries 8, 23, 57, 121), including an extension that was not even requested until more than two weeks after Plaintiff missed the deadline, (ii) considered Plaintiff's reply brief to her own motion to reconsider despite it being untimely, and (iii) allowed Plaintiff to proceed with multiple defamation claims despite having failed to set them out in separate counts. In other words, the Court has, on numerous occasions, exercised its discretion in a more "lenient direction" with respect to Plaintiff. However, common sense dictates that relaxation of the rules cannot be expected, especially on summary judgment motions, for each time that judicial resources are expended "hunting for truffles" in one case, the administration of justice slows across the judge's entire docket. And where, as here, Plaintiff is represented by counsel and is herself an attorney, the argument for discretionary leniency in applying the rules at summary judgment is especially wanting. Relying on her pleadings in opposing a summary judgment motion and relying on the Court to dig up (or Defendant to put forth) the evidence in support of Plaintiff's own claim are not the kinds of transgressions that the Court will excuse in these circumstances. See 3/6/13 Opinion at 2-3.

In short, Defendant did not bear the burden of bringing the statements before the Court; Plaintiff did and failed to carry that burden. Specifically, Plaintiff failed to come forward with evidence that Defendant made a false statement about her, an element as to which she bore the burden at summary judgment. While Plaintiff's strategy (or neglect) has "harsh consequences" for her in this case, those consequences are warranted. Plaintiff's motion to reconsider [111] is denied. Plaintiff's motion for oral argument [123] also is denied. The Court is cognizant of Plaintiff's position in the motion to reconsider – that she in fact did all she was required to do to survive summary judgment and that she did not need to put forth evidence to refute Defendant's "legal arguments" – and

| STATEMENT |
|---|
| has carefully considered all of Plaintiff's arguments, including those espoused in her untimely reply brief. Oral argument therefore would not serve a useful purpose.

                                                                                                                                                                  */s/* |